IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TRE SERVICES, INC.,

                Plaintiff,                       2:12-cv-00663

                                                **ELECTRONICALLY FILED**

    v.

U.S. BELLOWS, INC.,

                Defendant.

## MEMORANDUM OPINION RE: DEFENDANT'S MOTION TO DISMISS (DOC. NO. 7)

## I.  Introduction

Presently before the Court is Defendant U.S. Bellows, Inc.'s ("USB") Motion to Dismiss Plaintiff TRE Services, Inc.'s ("TRE") Complaint.  Doc. No. 7.  The parties' dispute centers on the performance of obligations pursuant to a contract that was formed on or about April 26, 2011.  Doc. No. 1-2, ¶ 3.  Pursuant to 28 U.S.C. § 1332, this dispute was removed to this Court on federal diversity grounds on April 16, 2012.[1]

Defendant's Motion to Dismiss is limited to the questions of jurisdiction and venue.  Doc. No. 7.  Therefore, the factual background and discussion will only address facts relevant to this Court's jurisdictional authority over Defendant USB and the propriety of this Court as venue for the instant dispute.

After careful consideration of the Motion to Dismiss (Doc. No. 7) and Brief in Support (Doc. No. 8) and Plaintiff's Response thereto (Doc. No. 9), and for the reasons that follow, Defendant's Motion to Dismiss (Doc. No.7) will be **DENIED**.

---

[1] Doc. No. 1

## II.  Factual Background

When reviewing a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), the Court accepts all factual allegations in the Complaint to be true and draws all reasonable inferences in favor of Plaintiff.  *See Pinker v. Roche Holdings Ltd*., 292 F.3d 361, 368 (3d Cir. 2002).  Taking Plaintiff's factual allegations to be true solely for the purposes of this Memorandum Opinion, the facts of this case are as follows:

Plaintiff is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania.  Doc. No. 1-2, ¶ 1.[2]  Defendant is a corporation averred to be organized and existing under the laws of the State of Texas.[3]  *Id*. at ¶ 2.  Plaintiff and Defendant entered into a contract on or about April 26, 2011, wherein Plaintiff agreed to purchase, and Defendant agreed to manufacture and supply, certain Hot Blast Valve Expansion Joints for Plaintiff's customer/end user, USS Serbia.  *Id*. at ¶ 3.  Interaction between the parties began when Plaintiff requested a price quotation for the desired goods via Defendant's website.  Formation of said contract began with an offer in the form of a price quotation sent by Defendant to Plaintiff on or about April 25, 2011.  *Id*. at ¶ 4.  Subsequently, Plaintiff, accepted the terms of Defendant's offer by way of the April 26, 2011 Purchase Order.[4]  *Id*.  However, Plaintiff's Purchase Order contained a "Terms and Conditions of Purchase" section, enclosing terms additional to Defendant's offer, including a Forum Selection clause at Paragraph 18.  *Id.* at 15, ¶ 18.  Paragraph 18 states that "[e]ach party agrees to submit to the exclusive jurisdiction of the federal courts of Pennsylvania with regard to

[2] Plaintiff's offices are located at 21 Leonberg Road, Cranberry Township, PA 16066.

[3] Defendant's offices are located at 3701 Holmes Road, Houston, TX 77051.

[4] Exhibit A attached to Plaintiff's Complaint, Doc. No. 1-2, p. 9.

2

any proceeding arising out of or relating to this transaction."  The enforceability of this clause is directly relevant to the present Motion to Dismiss.

## III. Standard of Review

### A.  Rule 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to challenge a Court's exercise of personal jurisdiction.  "Once a defendant challenges a court's exercise of personal jurisdiction over it, the plaintiff bears the burden of establishing personal jurisdiction." *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (citing *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001)).  To meet its burden, Plaintiff must establish "[a] nexus between the defendant, the forum and the litigation."  *Deutz AG*, 270 F.3d at 150.

"[I]n reviewing a motion to dismiss under Rule 12(b)(2) [the court] 'must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff.'"  *Pinker*, 292 F.3d at 368 (quoting *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n. 1 (3d Cir. 1992)).  Plaintiff need only to establish a *prima facie* case for personal jurisdiction over the defendant to overcome a 12(b)(2) motion.  *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).  A resolution of a factual issues may be required to establish personal jurisdiction under a 12(b)(2) motion and thus a party may introduce extrinsic evidence beyond the pleadings to do so.  *See Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984). "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of *in personam* jurisdiction."  *Patterson by Patterson v.*

*F.B.I.*, 893 F.2d 595, 604 (3d Cir. 1990) (quoting *Time Share Vacation Club*, 735 F.2d at 67 n. 9).

### B.  Rule  12(b)(3)

"Motions to dismiss for . . . improper venue generally require the court to accept as true the allegations of the pleadings."  *Heft v. AAI Corp.*, 355 F. Supp. 2d 757, 762 (M.D. Pa. 2005) (citing *Pinker*, 292 F.3d at 368; *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982)). However, "parties may submit affidavits in support of their positions, and may stipulate as to certain facts, but the plaintiff is entitled to rely on the allegations of the complaint absent evidentiary challenge." *Heft*, 355 F. Supp. 2d at 762 (citing *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 142 & n. 1 (3d Cir. 1992); *Myers*, 695 F.2d at 724).

"[A] motion to dismiss for improper venue is not an attack on jurisdiction but only an affirmative dilatory defense."  *Myers,* 695 F.2d at 724.  "Because of the nature of the motion, 'it is not necessary [as contrasted with jurisdiction] for the plaintiff to include allegations showing the venue to be proper.'"  *Id*. (quoting Fed.R.Civ.P. Form 2, Advisory Committee note 3).  Due to the "affirmative defense" nature of a 12(b)(3) Motion to Dismiss, the movant bears the burden of proof to establish that venue is improper.  *Id.* (citing *United Rubber, Cork, Linoleum & Plastic Workers v. Lee Rubber & Tire Corp.*, 269 F.Supp. 708, 715 (D. N.J. 1967), *aff'd,* 394 F.2d 362 (3d Cir. 1968), *cert. denied*, 393 U.S. 835 (1968)).

### IV.  Discussion

In its Motion to Dismiss for lack of personal jurisdiction, Defendant argues there are insufficient contacts with Pennsylvania to make out a *prima facie* case for this Court's exercise of *in personam* jurisdiction.  Moreover, Defendant contends that the lack of general or specific

4

contacts with Pennsylvania renders venue in this Court improper.  Plaintiff counters in its Brief that Defendant purposefully availed itself to Pennsylvania and this Court's exercise of jurisdiction comports with due process.

Additionally, Plaintiff claims that a forum selection clause contained in paragraph 18 of the "Terms and Conditions of Purchase" portion of the Purchase Order binds Defendant USB to the jurisdiction of this Court and further that this Court is the proper venue for resolution of the dispute.  Defendant USB argues that 13 Pa. C.S. § 2207 renders the forum selection clause unenforceable.

### A.  Defendant USB Is Not Subject to the Forum Selection Clause

Contract formation in this dispute consisted of Defendant sending a price quotation to Plaintiff on April 25, 2011 (the "offer").  The following day, Plaintiff accepted the offer with a Purchase Order (the "acceptance") which mirrored the price quotation on all essential terms of the agreement, including the items sought, price, quantity, terms of payment and delivery.[5] However, Plaintiff also attached a seven page "Terms and Conditions of Purchase" to the acceptance containing a forum selection clause naming Pennsylvania Federal Courts as having jurisdiction over any dispute arising out of the agreement.  However, Defendant never expressly assented to the additional terms contained in the "Terms and Conditions of Purchase" and merely began performance of the contract.

Under 13 Pa. C.S. § 2207, the additional terms contained in the Terms and Conditions of the acceptance, including the forum selection clause, do not become part of the contract if they materially alter the agreement.  Forum Selection Clauses are material terms to a contract and therefore require express assent to become binding.  *See CECG, Inc. v. Magic Software*

---

[5] See Exhibits A and B attached to Doc. No. 1-2.

*Enterprises, Inc.*, 51 F. App'x 359, 364 (3d Cir. 2002). Section 2207 "establishes a legal rule that proceeding with a contract after receiving a writing that purports to define the terms of the party's contract is not sufficient to establish the party's consent to the terms of the writing to the extent that the terms of the writing either add to, or differ from, the terms detailed in the parties' earlier writings or discussions." *Step-Saver Data Sys., Inc. v. Wyse Tech.*, 939 F.2d 91, 99 (3d Cir. 1991). "In the absence of a party's express assent to the additional or different terms of the writing, section 2-207 provides a default rule that the parties intended, as the terms of their agreement, those terms to which both parties have agreed, along with any terms implied by the provisions of the UCC." *Id.*

Plaintiff does not suggest that Defendant expressly agreed to the Terms and Conditions in the acceptance, but merely that Defendant continued performance with constructive knowledge of the Forum Selection Clause. However, the United States Court of Appeals for the Third Circuit has foreclosed Plaintiff's contention that performance is acceptance of the additional terms with its decision in *Step-Saver. Id.; see also Altronics of Bethlehem, Inc. v. Repco, Inc.*, 957 F.2d 1102, 1108 (3d Cir. 1992). Therefore, the Forum Selection clause is not binding on Defendant.

### B.   *Plaintiff TRE Has Established a Prima Facie Case For Personal Jurisdiction.*

Pennsylvania's long arm statute permits the courts of Pennsylvania to exercise personal jurisdiction over nonresident defendants to the constitutional limits of the Due Process Clause of the Fourteenth Amendment. *Dollar Sav. Bank v. First Sec. Bank, N.A.*, 746 F.2d 208, 211 (3d Cir. 1984); see 42 Pa. C.S.A. § 5322. "Under traditional jurisdictional analysis, the exercise of specific personal jurisdiction requires that the 'plaintiff's cause of action is related to or arises

6

out of the defendant's contacts with the forum.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003) (quoting *Pinker*, 292 F.3d at 368).

It is undisputed that Defendant USB transacts business with citizens of this state.[6]  The issue is whether those contacts are sufficient to form a Constitutional basis for this Court's exercise of *in personam* jurisdiction.  The United States Court of Appeals for the Third Circuit has determined that Courts such as this one must consider a three-part inquiry when deciding if specific personal jurisdiction exists:

> First, the defendant must have "purposefully directed [its] activities" at the forum.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotation marks omitted). Second, the litigation must "arise out of or relate to" at least one of those activities. *Helicopteros*, 466 U.S. at 414; *O'Connor*, 496 F.3d at 317. And third, if the first two requirements have been met, a court may consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe*, 326 U.S. at 320).

*D'Jamoos*, 566 F.3d at 102.

Furthermore, in a case like the present one, where a Defendant operates a commercially interactive website, the Court will inquire into whether the Defendant either targets the website to the forum state, and/or knowingly conducts business with forum residents via the website. *Toys "R" Us, Inc.*, 318 F.3d at 454.  If the Court finds that Defendant targeted the forum state then "purposeful availment" is satisfied.  *Id.*  Additionally, if the claim relates to or arises out of the use of the website, Defendant is within the personal jurisdiction of the court.  *Id.* at 452.

Here, Defendant operated a commercially interactive website in which citizens of Pennsylvania (like Plaintiff) could log on and request a price quotation for Defendant's goods.

---

[6] Since 2008, Defendant has sent 40 shipments to Pennsylvania customers (1.63% of total shipments), accounting for $757,953 in revenue (2.1% of total revenue).

Plaintiff did exactly that, and shortly thereafter received a quotation from Defendant, which served as the "offer" in this transaction. This price quotation included the address of Plaintiff, located in Pennsylvania, telephone contact information with a Pennsylvania area code, and a "Final Destination" line indicating Pennsylvania. Moreover, the Purchase Order, which functioned as the "acceptance" of the price quotation offer, contained additional identifying information of Plaintiff, which should have reasonably apprised Defendant that it was conducting business with a Pennsylvania company. Additionally, Plaintiff alleges that phone call and email correspondence continued throughout the performance of the agreement.

Although Defendant never entered Pennsylvania, physical presence is not dispositive of purposeful availment. *See D'Jamoos*, 566 F.3d at 103 ("The threshold requirement is that the defendant must have purposefully avail[ed] itself of the privilege of conducting activities within the forum State . . .[t]o meet this requirement, the defendant's physical entrance into the forum is not necessary"). This Court is not persuaded by Defendant's contention that 2.1% of revenue is not sufficient contact with the forum state to establish jurisdiction. The *Arlington Industries* case, in which Defendant places great weight, is a Middle District of Pennsylvania case and is not controlling.[7] Moreover, it is distinguishable in that the Defendant did not maintain a commercially interactive website as is the case here.[8]

---

[7] The percentages of business activity referenced in *Arlington Industries v. Electronic Custom Distributors, Inc.,* 817 F.Supp.2d 473 (M.D. Pa. 2011), are not dispositive of purposeful availment or sufficiency of contacts with the forum state. This Court is not prepared, at this point in the litigation, to make a blanket ruling that 2.1% is facially insufficient to establish jurisdiction.

[8] This Court also relies on its prior opinion in *Watson v. Blessey Marine Services, Inc.*, in which this Court denied a similar Motion based on the foregoing law and authority, finding purposeful

Defendant clearly targeted Pennsylvania companies, such as Plaintiff, with its website allowing for price quote requests.  Moreover, Defendant, through its website or otherwise, does business with Pennsylvania citizens amounting to 2.1% of its annual revenue.  Taking Defendant's commercially interactive website together with its current business in Pennsylvania, there is sufficient contacts with this forum to make out a *prima facie* case for jurisdiction. Consequently, this Court may exercise *in personam* jurisdiction over Defendant without upsetting notions of fair play and substantial justice.

### C.  Venue Is Not Appropriate in This Court

"Venue" refers to locality, the place where a lawsuit should be heard.  The key to venue is that it "is primarily a matter of choosing a convenient forum."  *Leroy v. Great Western United Corp.,* 443 U.S. 173, 180 (1979).  Venue in a diversity action is determined by 28 U.S.C. § 1391, which states: a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Defendant does not reside in the Western District of Pennsylvania, therefore, the issue is whether a "substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is subject to the action is situated," in the Western District of Pennsylvania.  The United States Court of Appeals for the Third Circuit has held that "in determining whether a substantial part of the events or omissions

---

availment in Defendant's maintenance of a commercially interactive website to conduct business with a known Pennsylvania resident.  2011 WL 5878050 (W.D. Pa. Nov. 23, 2011).

giving rise to a cause of action occurred in a specific jurisdiction, '[t]he test . . . is not the defendant's contacts with a particular district, but rather the location of those events or omissions giving rise to the claim.'" *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 161 (3d Cir. 2012) (quoting *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994)).

Additionally, the Court in *Cottman* noted that § 1391 "favors the defendant in a venue dispute by requiring that the events or omissions supporting a claim be substantial." 36 F.3d at 294. "Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Id.*

Defendant in this case has met its burden of showing that venue is not proper in the Western District of Pennsylvania. The nature of the instant dispute is the timeliness and quality of Defendant's performance of contractual obligations owed to Plaintiff. Doc. No. 1-2 at ¶¶ 7, 8. However, the performance of the contract took place solely at Defendant's place of business in Texas, and further, the property involved was shipped overseas upon completion, never entering this Judicial District. In response to Defendant's challenge to venue, Plaintiff relies heavily on the enforceability of the Forum Selection Clause disposed of *supra*. Additionally, Plaintiff contends that it developed the drawings and specifications in Pennsylvania "on which the subject expansion joints were fabricated." Doc. No. 9 at 16. Although relating to the events or omissions giving rise to the claim, such drawings and specifications do not reach the "substantial" level required under § 1391. "Events or omissions that might only have

some tangential connection with the dispute in litigation are not enough." *Cottman*, 36 F.3d at 294.

Pursuant to 28 U.S.C. § 1406, where a District Court finds venue to be improper, it may transfer such case to any district or division in which it could have been brought "if it be in the interest of justice." *See also Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 462 (3d Cir. 1996) ("If it appears from the motion that venue is not proper in the Western District, the district court should transfer the action . . . pursuant to 28 U.S.C. § 1406(a)").  Based on the foregoing reasons, this Court will have the Clerk of Court transfer the instant action to the Southern District of Texas, where Defendant both resides and a substantial part of the events or omissions that give rise to Plaintiff's claim took place.

## V.  Conclusion

In sum, Plaintiff has pled sufficient facts to establish this Court's personal jurisdiction over Defendant.

Therefore, Defendant's 12(b)(2) Motion to Dismiss (Doc. No. 7) will be **DENIED**.

However, the Court finds that venue is not appropriate in this forum.  Therefore, this case will be transferred to the Southern District of Texas.

Thus, Defendant's 12(b)(3) Motion to Dismiss will be **DENIED AS MOOT**.

An appropriate Order follows.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:      All Registered ECF Counsel and Parties

11